UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-22382-HOEVELER

NORMA ROSTRAN,

    Plaintiff,

v.

ROSS DRESS FOR LESS, INC.,

    Defendant.

### ORDER DENYING MOTION TO DISMISS

BEFORE the Court is the defendant's motion to dismiss [ECF No. 8] the second amended complaint for failure to state a claim under Rule 12(b)(6). The defendant also moves to strike Count 2 ("Premise Liability") for being duplicative of Count 1 ("Negligence") pursuant to Rule 12(f). The plaintiff did not respond to the motion.[1]

### Background

The plaintiff, Norma Rostran, was injured by falling luggage while shopping in a "Ross Dress for Less" department store. She filed this tort case in state court on May 24, 2010. The defendant,

---

[1] The plaintiff's response was due September 3, 2010 and no extension was requested. The plaintiff's failure to respond could be grounds to grant the defendant's motion by default. In the future, there will be adverse consequences for the plaintiff's violation of time-frames and deadlines in the Local Rules or the Federal Rules of Civil Procedure.

Ross Dress for Less, Inc. ("Ross"), removed the case to federal court on July 20, 2010, based on diversity of citizenship and the amount in controversy, after the plaintiff would not stipulate to damages less than $75,000. After removal, Ross filed a motion to dismiss or, in the alternative, for a more definite statement [ECF No. 3], claiming the plaintiff's initial complaint lacked important factual details. The plaintiff filed a "second amended complaint" on August 12, 2010, fixing most of Ross's alleged pleadings deficiencies.[2] In the second amended complaint, the plaintiff claims she was in the women's apparel section of the Ross outlet on Miracle Mile on June 8, 2008, browsing a rack of clothing. Second Am. Compl. ¶¶ 4-5. Above the rack was a luggage display out of arms reach. Id. at ¶ 6. Without being disturbed, a suitcase from the display allegedly fell on the plaintiff's head, causing injury. Id. at ¶¶ 8-9. A Ross manager was summoned to helped Ms. Rostran complete an accident report, recording the details of what happened; afterward, she went to the hospital. Id. at ¶¶ 10-11.

The second amended complaint advances two theories of negligence. Count 1 is an typical tort claim against Ross for the

---

[2] Oddly, the plaintiff's very first complaint [ECF No. 1-2] was labeled as an "Amended Complaint," and, in turn, her first amended complaint [ECF No. 4] is now her "Second Amended Complaint." She is one amendment ahead of everybody else. This appears to be a clerical error. In any event, because of the plaintiff's amendment and Ross's superceding motion to dismiss, Ross's first motion to dismiss or for a more definite statement [ECF No. 3] is denied as moot.

negligence of Ross employees in displaying the suitcase in such a precarious position. In Count 2, "Premise Liability," the plaintiff again asserts that Ross is liable as a commercial proprietor for maintaining the dangerous condition of the suitcases on its premises. Composition-wise, the two counts are very similar and the biggest difference appears to be that, under Count 1, Ross is liable for "*placing* the suitcases on a high shelf," id. at ¶ 15, whereas under Count 2 Ross is liable for "*having* improperly heavy suitcases placed on top of one another," id. at ¶ 20 (emphases in original).

I.

Federal Rule of Civil Procedure 8(a)(2) requires "only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the. . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007) (internal quotations omitted). Here, the complaint is not a "formulaic recitation of the elements of a cause of action," and it includes enough factual allegations "to raise a right to relief above the speculative level." Id. at 1964-65.

Rule 12(f) of the Federal Rules allows a party to move to strike "any redundant, immaterial, impertinent, or scandalous matter" within the pleadings. Fed. R. Civ. P. 12(f). Motions to strike, however, are generally disfavored. Courts consider striking

a pleading to be a "drastic remedy to be resorted to only when required for the purposes of justice." <u>Augustus v. Bd. of Pub. Instruction of Escambia County</u>, 306 F.2d 862, 868 (5th Cir. 1962). A motion to strike will "usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." <u>Seibel v. Society Lease, Inc.</u>, 969 F. Supp. 73, 715 (M.D. Fla. 1997).

II.

Ross contends that the plaintiff's negligence claim in Count 1 encompasses the redundant "premise liability" claim in Count 2, and further, "Florida law does not recognize a claim for 'premises liability.'"[3] In fact, Florida jurisprudence on dangerous conditions in department stores and other commercial places validates the plaintiff's "premises liability" theory.[4] Although

---

[3] Ross's denial of a "premises liability" theory is surprising. In its first motion to dismiss, Ross argued at least twice that the initial complaint "fail[ed] to include allegations critical to a premises liability case"; the company urged dismissal because "Florida premises liability law determines the standard of care" and the plaintiff critically failed to allege whether she was an invitee, licensee, or tresspasser on Ross's premises, as required by "Florida premises liability law." Ross now suggests there is no such thing as premises liability law.

[4] <u>See e.g.</u>, <u>Kaid v. Store Cent. Food Market, Inc.</u>, 668 So. 2d 1110, 1111 (Fla. 3rd DCA 1996) ("A plaintiff in a premises liability action must allege the defendant's duty to the plaintiff and the defendant's breach of that duty by alleging ultimate facts that show a relationship from which a duty is implied by law, and the acts and omissions that caused the injury, together with the allegation that they were negligently done or omitted. The plaintiff must also plead that the defendant's negligence was a proximate cause of the plaintiff's injury.") (alterations and

the difference between the two claims might turn out to be an unmeaningful one (considering how Florida courts have treated similar cases, see, e.g., McDermott v. Engstrom, 81 So.2d 553, 553-554 (Fla. 1955); Brisson v. W. T. Grant Co., 79 So. 2d 771, 772-773 (Fla. 1955); Conwell v. Zayre of Miami, Inc., 161 So.2d 537, 538 (Fla. 3rd DCA 1964)), nevertheless, nothing about Count 2 is so "redundant, immaterial, impertinent, or scandalous" to warrant relief under Rule 12 (f). The motion to strike is denied.

### III.

Finally, Ross argues that the plaintiff improperly "co-mingled" within Count 1 what "appears to be a standard negligence claim with other claims such as failure to warn or alleged inadequate inspection [and] insufficient staffing," making it "impossible for Defendant to craft an answer." The Court disagrees. The plaintiff has pled the required elements of negligence: duty, breach, harm and proximate causation, see Angell v. F. Avanzini Lumber Co., 363 So. 2d 571 (Fla. 2d DCA 1978), and she has done so with enough factual specificity to give Ross fair notice of what the claim is and the grounds upon which it rests. Twombly, 127

---

citations omitted); Levy v. Home Depot, Inc., 518 So. 2d 941, 942 (Fla. 3d DCA 1987) ("A property owner or occupier has two duties toward invitees: (1) to keep his property in reasonably safe condition and to protect the invitee from dangers of which he is or should be aware; and (2) to warn the invitee of concealed dangers which are or should be known to the owner or occupier and which are unknown to the invitee and cannot be discovered by him through the exercise of due care.")

S.Ct. at 1964. The plaintiff's allegedly "co-mingled" assertions about Ross's inadequate safety precautions and failure to fix the luggage display (or at least make its danger more apparent to customers) are not out of place in Count 1. Rather, these assertions seem directly relevant to the basic elements of negligence. Accordingly, it is hereby:

**ORDERED AND ADJUDGED:** The defendant's motion to dismiss [ECF No. 8] is denied. The defendant's first motion to dismiss [ECF No. 3] is denied as moot.

**DONE AND ORDERED** in Miami, Florida, September 8, 2010.

*[signature]*
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE